UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**RICHARD WILLIAM EMERSON** and
**KIMBERLY DAWN EMERSON**,

Debtors.

Case No. **11-61712-13**

# MEMORANDUM OF DECISION

At Butte in said District this 30th day of December, 2011.

In this Chapter 13 case the Trustee Robert G. Drummond objects to confirmation of Debtors' First Amended Chapter 13 Plan under the "disposable income" requirement of 11 U.S.C. § 1325(b)(1) because of a $200.00 "old vehicle" operation/transportation expense claimed by Debtors which the Trustee contends exceeds the allowed Internal Revenue Service ("IRS") Standards under 11 U.S.C. § 707(b)(2)(A)(ii)(I). After a hearing the parties submitted stipulated facts, and the parties have submitted briefs. The Trustee requests that this Court reconsider its reasoning allowing the "old vehicle" expense in *In re O'Connor*, 2008 WL 4516374 (Bankr. D. Mont. 2008), given the recent United States Supreme Court decision of *Ransom v. FIA Card Services, N.A.*, __ U.S. __, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011). After review of the record, briefs, and applicable law, this matter is ready for decision. For the reasons set forth below the Court again declines to reconsider its decisions allowing the old vehicle expense. The Trustee's objection is overruled and Debtors' First Amended Plan will be confirmed.

This Court has exclusive jurisdiction in this Chapter 13 bankruptcy under 28 U.S.C. §

1

1334(a). Confirmation of Debtors' Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). At issue is whether Debtors are entitled to the $200 "old vehicle" additional operating expense allowed in this Court and the Ninth Circuit. *In re Ransom*, 577 F.3d 1026, 1031 (9th Cir. 2009), *aff'd*, __ U.S. __, 131 S.Ct. at 730; *In re Byrn*, 410 B.R. 642, 649-50 (Bankr. D. Mont. 2008); *In re Baker*, 2011 WL 576851 (Bankr. D. Mont.); and *In re O'Connor,* 2008 WL 4516374.

## FACTS

The parties filed a Stipulation of the following facts:

1. The Debtors filed a Petition in this Court under Chapter 13 of the Bankruptcy Code on 31 August 2011, which by this reference is made a part hereof as exhibit #1.

2. Debtors filed Schedules I & J, and Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official form B 22C on 31 August 2011, which by this reference is made a part hereof as exhibits #2, 3 & 4. Schedules I and J accurately project the debtors' anticipated actual monthly expenditures for the period of the plan.

3. Debtors filed a Chapter 13 Plan on 13 September 2011, which by this reference is made a part thereof as exhibit #5.

4. Debtors filed the First Amended Chapter 13 Plan on 8 November 2011, which by this reference is made a part thereof as exhibit #6.

5. Debtors filed an Amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official form B 22C indicating $185.89 in monthly disposable income on line 59, and indicating the Debtors took a vehicle operation expense of $672.00 on line 27A, which by this reference is made a part thereof as exhibit #7.

6. That the operating cost allowed under the applicable IRS local standards for two vehicles in this case is $472.00 per month.

7. In calculating the projected disposable income the Debtors deducted an additional operating cost of $200.00.

8. Schedule B lists two vehicles: a 1986 Toyota Landcruiser, which at the time of

filing had approximately 197,000 miles, and a 2007 Toyota Landcruiser, which at the time of filing had approximately 39,000 miles.

## DISCUSSION

It is well established law in this Circuit that for a bankruptcy court to confirm a plan, each of the requirements of section 1325 *must be present* and the debtor has the burden of proving that each element has been met. *In re Byrn,* 410 B.R. at 645; *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995)*; In re O'Connor*, 2008 WL 4516374.

The Trustee's objection raises the issue of the "disposable income" test under § 1325(b)(1)(B) and the allowed standard amount allowed under the "means test" of § 707(b)(2)(A)(ii)(I). The Supreme Court in *Ransom* explains the means test:

> Congress adopted the means test – [t]he heart of [BAPCPA's] consumer bankruptcy reforms," H.R.Rep. No. 109-31, pt. 1, p. 2 (2005) (hereinafter H.R. Rep.), and the home of the statutory language at issue here – to help ensure that debtors who *can* pay creditors *do* pay them. See, *e.g., ibid.* (under BAPCPA, "debtors [will] repay creditors the maximum they can afford.).
>
> In Chapter 13 proceedings, the means test provides a formula to calculate a debtor's disposable income, which the debtor must devote to reimbursing creditors under a court-approved plan generally lasting from three to five years. §§ 1325(b)(1)(B) and (b)(4) ... For a debtor whose income is above the median for his state, the means test identifies which expenses qualify as "amounts reasonably necessary to be expended."
>
> * * * *
>
> Under the means test, a debtor in calculating his "reasonably necessary" expenses is directed to claim allowances from defined living expenses, as well as for secured and priority debt. §§ 707(b)(2)(A)(ii)-(iv). As relevant here, the statute provides:
>
>> "The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the

3

> Internal Revenue Service [IRS] for the area in which the debtor resides." § 707(b)(2)(A)(ii)(I).
>
> These are the principal amounts that the debtor can claim as his reasonable living expenses and thereby shield from creditors.
>
> The National and Local Standards references in this provision are tables that the IRS prepares listing standardized expense amounts for basic necessities. The IRS uses the Standards to held calculate taxpayers' ability to pay overdue taxes. See 26 U.S.C. § 7122(d)(2). The IRS also prepares supplemental guidelines known as the Collection Financial Standards, which describe how to use the tables and what the amounts listed in this mean.
>
> The Local Standards include an allowance for transportation expenses, divided into vehicle "Ownership Costs" and vehicle "Operating Costs".

*Ransom*, 131 S.Ct. at 721-22.

The Trustee objects to confirmation and renews his request made in other cases that this Court reconsider its reasoning allowing the old vehicle expense. *In re Byrn*, 410 B.R. at 649-50; *see also In re Baker*, 2011 WL 576851; *In re O'Connor,* 2008 WL 4516374. The Trustee argues that Congress did not reference amounts allowed under the Internal Revenue Manual ("IRM") when it wrote the means test in § 707(b)(2)(A)(ii), and therefore did not reference the old vehicle expense or other amounts allowed under the IRM, and the IRM is not the equivalent of the Standards. The Trustee argues that Chapter 15 of the IRM (the "Financial Analysis Handbook") does not incorporate Chapter 8, so the old vehicle expense is not part of the Local Standards. He further objects that the old vehicle expense is not updated, and use of the IRM conflicts with the express language of the statute. The Debtors argue that the old vehicle allowance under the IRS Standard is permissible under the means test of § 707(b)(2)(A)(ii), and that the Supreme Court affirmed the use of the IRS standards which subsume the Collection Financial Standards in *Ransom*, 131 S.Ct. 716.

4

Drummond was the Chapter 13 Trustee in *In re Byrn*, *In re Baker*, and *In re O'Connor*. He did not appeal those decisions. *Byrn* set forth this Court's rule allowing the old vehicle expense as follows:

> The Trustee objects to the $200.00 in vehicle operation expense on Line 29 of Form B22C, contending that they are not entitled to deduct it when they are not actually making a payment to an underlying creditor, citing [*In re Deadmond*, 2008 WL 191165 (D. Mont. 2008)]. Michael testified that he calculated the $200 expense based on his experience and the age and condition of the Taurus and Aries.
>
> *In re Carlin*, 348 B.R. 795, 796, 798 (Bankr. D. Or. 2006), the court wrote: "Debtor is entitled to an additional operating expense because his car is over six years old." Footnote 2 of *Carlin* states that in situations where no loan or lease payment exists on a vehicle that is over 6 years old and/or has 75,000 miles or more, an additional $200 operating expense is allowable. *Carlin*, 348 B.R. at 796 n.2. Footnote 2 concludes with the citation: "Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 8, § 5.8.5.5.2(3) (09-01-2005)." *Id.* This Court notes that Chapter 8 of Part 5 of the Internal Revenue Manual applies to the financial analysis required for offers in compromise and incorporates the Financial Analysis Handbook set forth in Chapter 15 of Part 5. *See* Internal Revenue Manual, Part 5, Chapter 8, § 5.8.5.1; *O'Connor*, 2008 WL 4516374, *12. When no ownership expense exists, the Internal Revenue Manual provides in Part 5, Chapter 8, that an additional operating expense of $200 is allowable if the car's age and mileage meets certain criteria. If no ownership expense exists and the car does not meet the age and mileage criteria, additional operating expense may be allowable under the special circumstances provision of 11 U.S.C. § 707(b)(2)(B) for an above-median debtor. The Internal Revenue Manual specifies that the national and local expense standards are guidelines and deviations are allowable. Internal Revenue Manual, Part 5, Chapter 15, § 5.15.1.7.5; *see O'Connor* at *12.
>
> In the instant case both the Debtors' Ford Taurus and Dodge Aries are over 6 years old.. The Ninth Circuit BAP decision *In re Ransom*, 380 B.R. 799 (9th Cir. BAP 2007) quoted *Carlin*'s reference to the $200 extra operating expense for old vehicles as one of the "[n]umerous safeguards" in place to protect both debtors and creditors, stating right after the quote: "We agree with the court in *Carlin* . . . ." 380 B.R. at 808.
>
> The Trustee cites *Deadmond* as authority which rejected a debtor's deduction of a transportation ownership expense. However, the issue before the

> Court in the instant case is not vehicle ownership expense but rather vehicle operating expense for Debtors' aging Ford Taurus and Dodge Aries. The decision in *Deadmond* is not on point. The court in *Deadmond* did state, however, "this Court deems the *Ransom* decision to be highly persuasive authority." 2008 WL 191165 at * 3. It also noted that if a taxpayer has a car but no car payment, "only the operating costs portion of the transportation standard is used to figure the allowable transportation expense." *Id.*
>
> Thus, following its prior decision in *O'Connor* in applying *Ransom* and *Carlin,* and by reference to the Internal Revenue Manual, Part 5, Chapters 8 and 15, this Court overrules the Trustee's objection to the extra $200 in vehicle operating expenses on Form B22C for the Debtors' 2 vehicles which are more than 6 years old.

*In re Byrn*, 410 B.R. at 649-50.

*In re Byrn, In re Baker*, *In re O'Connor*, or other decisions by this Court which allow the old vehicle expense not having been appealed, they are final decisions and state the rule in this Court allowing the old vehicle expense under the means test. *Id.* This Court reads the Supreme Court's decision in *Ransom* as consistent with its prior decisions and finds nothing therein which persuades the Court to reconsider its reasoning.

In discussing the means test and the Collection Financial Standards, the "IRS's explanatory guidelines to the National and Local Standards," the Supreme Court explained: "Although the statute does not incorporate the IRS's guidelines, courts may consult this material in interpreting the National and Local Standards; after all, the IRS uses those tables for a similar purpose – to determine how much money a delinquent taxpayer can afford to pay the Government." *Ransom*, 131 S.Ct. at 726. Since this Court "may consult this material in interpreting" the Standards under *Ransom*, this Court sees no reason not to consult the IRM and the Financial Analysis Handbook, wherein the old vehicle expense is authorized, for similar reasons as the IRS uses it and the reason Congress adopted the means test, "to help ensure that

6

debtors who *can* pay creditors *do* pay them .... the maximum[1] they can afford." *Ransom*, 131 S.Ct. at 721, 726.

> Footnote 7 of the *Ransom* majority decision states:
>
> Because the dissent appears to misunderstand our use of the Collection Financial Standards, and because it may be important for future cases to be clear on this point, we emphasize again that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidance. *Post*, at 730 (opinion of SCALIA, J.). The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, *post,*, at 732, n., but we think that basis obvious: The IRS *creates* the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something insightful and persuasive (albeit not controlling) to say about them.

*Ransom*, 131 S.Ct. at 726, n.7.

Further, the 9th Circuit in its *Ransom* decision repeated the BAP's citation to *Carlin,* quoting *Carlin*:

> Numerous safeguards are in place to protect both debtors and creditors. Debtors who own old or high mileage cars "free and clear," are entitled to an extra $200 per month operating expense. Also, a "free and clear" owner is not "stuck" with the vehicle operating expenses allowed under the IRS Standards. Section 707(b)(2)(B) is also a available for "above the median" Chapter 13 debtors. Section 707(b)(2)(B), allows additional expenses based on special circumstances."
>
> 348 B.R. at 798 (citations omitted). We agree with the court in Carlin . . . ."

*Ransom*, 577 F.3d at 1031, quoting *Carlin.*

The United States Supreme Court affirmed the Ninth Circuit decision. *Ransom*, 131 S.Ct. at 723, 729. While the issue decided in the Supreme Court's decision in *Ransom* dealt with

---

[1] By contrast, the Court does not see how the Trustee's suggestion in his brief that "Debtors may propose a modified plan when an additional expenditure for a new car is necessary," is more consistent with Congressional intent that debtors "repay the maximum they can afford" than allowing Debtors the old vehicle expense. *Ransom*, 131 S.Ct. at 721.

7

ownership costs and not operating costs, the majority opinion specifically referenced both the Internal Revenue Manual and the IRS Collection Financial Standards in its analysis, 131 S.Ct. at 725-26:

> The Standards do account for those additional expenses, but it a different way: They are mainly the province of the separate deduction for vehicle "Operating Costs," which include payments for "[v]ehicle insurance, ... maintenance, fuel, state and local registration, required inspection, parking, fees, tolls, [and] driver's license." Internal Revenue Manual §§ 5.15.1.7 and 5.15.1.8 (May 1, 2004), reprinted in App. to Brief for Respondent 16a, 20a; see also IRS, Collection Financial Standards (Feb. 19, 2010), http:// www.irs.gov/individuals/article/0,, id = 96543, 00.html. A person who owns a care free and clear is entitled to claim the "Operating Costs" deduction for all these expenses of driving – and Ransom in fact did so ...."

*Ransom*, 131 S.Ct. At 725-726.

Thus, this Court's reasoning in allowing the $200 per old vehicle expense based upon the Internal Revenue Manual and Financial Analysis Handbook is consistent with controlling authority in this Circuit and the United States Supreme Court, *see Ransom*, 577 F.3d at 1031, *aff'd*, 131 S.Ct. at 723, 730; *In re Byrn*, 410 B.R. at 649-50.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Confirmation of Debtors' Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

3. Debtors satisfied their burden of proof to show they satisfied the "disposable income" requirement and other requirements for confirmation under 11 U.S.C. § 1325, and §§ 707(b)(2).

4. Debtors are allowed a $200 operating expense for old vehicles. *In re Ransom*, 577 F.3d. 1026, 1031 (9th Cir. 2009), *aff'd.*, *Ransom v. FIA Card Services, N.A.*, __ U.S. __, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011); *In re Carlin*, 348 B.R. 795, 796, 798 (Bankr. D. Or. 2006);

Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 8.

**IT IS ORDERED** separate Orders shall be entered in conformity with the above, overruling the Chapter 13 Trustee's objection and confirming the Debtors' First Amended Chapter 13 Plan filed on November 8, 2011.

BY THE COURT

*Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana